PITTSBURGH, C. C. & ST. L. RY. v. HANNAH H. DOOLEY, ADMRX.

1. FAILURE TO LOWER GATES BEING ESTABLISHED AS THE PROXIMATE CAUSE OF ACCIDENT AT RAILWAY CROSSING, ACTS OF DECEASED AFTER OBSERVING PERIL DO NOT WARRANT REVERSAL.

Negligence of a watchman, upon the approach of a train, in failing to lower gates at a railway crossing, being established as the proximate cause of a collision between the train and wagon in which deceased was driving, although' condition of the track and haste of the driver to get over after being warned of the danger contributed to the result, minor errors of judgment committed by deceased during the moment of great peril and excitement, after he had gone upon the track and before being struck, do not warrant reversal of a verdict against the railway company.

2. BAD CONDITION OF CROSSING, TO PROVE KNOWLEDGE OF FACT BY COMPANY, PROPERLY BROUGHT OUT ON CROSS-EXAMINATION OF COMPANY'S WITNESSES.

That other vehicles had broken down on a railway crossing, as did the one in the case in controversy, being established on cross-examination of the railway company's witnesses, is competent as tending to prove knowledge on the company's part of the defective condition of the crossing and also to test credibility of other witnesses testifying that the crossing was in fair condition.

3. ASSUMING UNDISPUTED FACT AS TO WHICH JURY COULD REACH BUT ONE CONCLUSION, NOT PREJUDICIAL ERROR.

A trial judge's assuming, in a special charge, as a fact, a matter determinable by the jury, is not prejudicial error, if the matter constituted an undisputed fact as to which but one conclusion could be reached.

4. VERDICT FOR $10,000 NOT EXCESSIVE IN CASE OF DEATH OF MAN FORTY-FIVE YEARS OLD EARNING $700 PER YEAR, LEAVING LARGE FAMILY.

A verdict, in an action for damages or death by wrongful act of a man forty-five years of age, of good health, earning $700 a year and leaving his widow and seven children surviving him, awarding the full amount allowed by statute (Gen. Code 10772), is not excessive.

[Syllabus approved by the court.]

ERROR to common pleas court.

*Maxwell & Ramsey,* for plaintiff in error.

*Littleford, Frost & Foster,* and *H. B. McClure,* for defendant in error.

Hamilton County.

**GIFFEN, P. J.**

The decedent was driving a horse and wagon over defendant's railroad at a point in Eastern avenue, known as Rookwood crossing, and the negligence averred as a first cause of action is as follows:

"Said gateman conducted himself so negligently and carelessly that he failed to lower said gates in time to warn the said decedent of a rapidly approaching passenger train of said defendant."

And as a second cause of action as follows:

"That the defendant corporation carelessly and negligently failed to maintain said crossing as a safe and sufficient crossing and to keep the same in a safe and proper condition; that by reason of this carelessness and negligence of the defendant, the wagon which the said decedent was driving on or about July 10, 1907, was broken down, and the decedent without any fault or negligence on his part was thrown upon the ground, where he was struck and killed by the aforesaid train of the defendant."

The defendant denied the negligence charged and averred that "if the decedent met with the accident alleged, the cause of the same was his own negligence, first, in failing to discover the train which struck him, and secondly, in failing to stop after he was warned of the approach of the train."

As we understand the evidence, the gateman failed to lower the gates when it was his duty to do so, and that such failure was the proximate cause of the accident, although the condition of the track and the haste of the driver to get over after being warned of the danger, contributed to the result. It is no doubt true that the accident would not have happened had he heard the warning and heeded it; but he did not hear or see it until he was in a position of extreme peril, when in the excitement of the moment he did what he deemed best and what an ordinarily prudent person would likely do to save himself.

The defendant had the benefit of a charge on contributory negligence, which was presented by the evidence, rather than the answer, and the jury found against the defendant on that issue, and we think rightly.

The testimony of witnesses called by the plaintiff that the

gateman waved frantically to the driver "to hurry and come across the track" and like statements when considered in connection with their description of the manner and direction in which he motioned to him, was competent under rule No. 4 in the case of *Balt. & O. Ry.* v. *Schultz,* 43 Ohio St. 270, 282 [1 N. E. Rep. 324; 54 Am. Rep. 805].

The testimony on cross-examination of the defendant's witnesses that other wagons had broken down at the same place on former occasions was competent as tending to prove knowledge on the part of the defendant of the defective condition of the crossing, and to test the credibility of the witnesses who testified in chief that the crossing was in fair condition.

The following special instruction was requested by the defendant before argument, but refused:

"The mere fact that a railroad company maintains gates at a crossing where there are but two tracks and that a traveler upon approaching such crossing sees that the gates are open, will not of itself absolve the party so approaching from looking to see where a train is approaching."

The use of the phrase "where a train is approaching" is rather indefinite and might mislead the jury to assume that he heard the train or by some means other than that of sight knew of its approach and was therefore not excused from looking to reassure himself that it was approaching. If, however, the meaning is that the traveler cannot rely upon the fact that the gates are open, but must under all circumstances look to see whether a train is approaching, then it is opposed to the rule stated in the case of *Cleveland, C. C. & I. Ry.* v. *Schneider,* 45 Ohio St. 678 [17 N. E. Rep. 321].

It is claimed the court erred in giving the following special instruction at the request of the plaintiff:

"In determining whether the decedent acted with reasonable care and prudence in driving forward as he did after he became aware of his danger, you should take into consideration the situation in which the decedent was placed at the time, where his position was one of great danger, what time he had for de-

Hamilton County.

liberation and all the other conditions and circumstances immediately attending the accident.''

The objection urged is that the clause ''where his position was one of great danger'' assumes a fact which should have been determined by the jury; but it was an undisputed fact, and there could be no error in so treating it.

The definition of the preponderance of the evidence is erroneous; but what is said in the next sentence concerning the weight of evidence relieves it of any prejudice.

The relative rights of the railroad company and the public at the crossing are stated substantially as they are in the case of *Pittsburgh, Ft. W. & C. Ry.* v. *Maurer*, 21 Ohio St. 421. The definition of negligence is faulty in the use of the word ''ought'' for would; but taken in connection with the definition of ''ordinary care'' is not misleading. Many of the errors relied upon relate to the defective condition of the track and the conduct of the watchman after the decedent had passed the gates onto the track, and were not prejudicial unless the decedent himself was negligent in driving forward after seeing the train. We are of the opinion that if all such errors were eliminated, the jury must have found that under the circumstances of great peril and excitement he was not chargeable with negligence.

It is admitted that the watchman failed to lower the gates, and the jury must have found that such failure was negligence and the proximate cause of the accident. It was the efficient cause that set all others in motion. While there are two grounds of negligence stated in the petition they constitute but one cause of action.

The damages awarded being the full amount allowed by statute are claimed to be excessive. The decedent was forty-five years of age and left surviving him seven children. His health was good, and his income about $700 per annum. Besides, his care in their training and education has a pecuniary as well as a moral value.

Upon the whole record we think that no substantial error has been shown and the judgment ought to be affirmed.

**Smith** and **Swing, JJ.,** concur.